## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

TAMEKA JESSIE, individually and
on behalf of all others similarly
situated,

Case No.:
3:17-cv-986-J-34JBT
CLASS ACTION

Plaintiff,

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF
PURSUANT TO THE TELEPHONE
CONSUMER PROTECTION ACT,
47 U.S.C. § 227, *et seq.*

v.

TIAA, FSB d/b/a EVERBANK,
f/k/a EVERBANK FINANCIAL CORP.,

JURY TRIAL DEMANDED

Defendant.

FILED

2017 SEP 22 AM 11:09

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

## INTRODUCTION

1.      Plaintiff TAMEKA JESSIE ("Plaintiff") brings this Class Action Complaint

for damages, injunctive relief, and any other available legal or equitable remedies, resulting

from the illegal actions of Defendant TIAA, FSB (hereinafter "EverBank" or "Defendant") in

negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in

violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA"),

thereby invading Plaintiff's privacy.  Plaintiff alleges as follows upon personal knowledge as

to herself and her own acts and experiences, and, as to all other matters, upon information

and belief, including investigation conducted by her attorneys.

2.      The TCPA was designed to prevent calls like the ones described within this

complaint, and to protect the privacy of citizens like Plaintiff.  "Voluminous consumer

complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.    In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102–243, § 11.  Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, Case No. 11 C 5886, 2012 WL 3292838, *2 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.    Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call..." Pub. L. No. 102–243, §§ 12-13; *see also Mims*, 132 S. Ct. at 744.

## JURISDICTION AND VENUE

5.    This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this case arises out of violation of federal law specifically, 47 U.S.C. § 227(b).

2

6.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because the defendant resides in this District.  Defendant is a corporation which owns and operates EverBank with its principal place of business located in Jacksonville, Florida.  Defendant is authorized to and does, in fact, conduct business in this District, has substantial contacts with this District and has intentionally availed itself of the benefits of doing business in this District.  Therefore, there is personal jurisdiction over the Defendant in this District.

7.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District.  Specifically, upon information and belief, the calls that are the subject of this action were made from within this District and/or the equipment and/or software used to make the calls are located in this District.  Also, upon information and belief, information and documents pertaining to the nature, timing and frequency of the calls, and pertaining to the equipment and software used to make the calls are located in this District.

## PARTIES

8.      Plaintiff is, and at all times mentioned herein was, a citizen and resident of Chickasaw, Alabama.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

9.      Defendant is a corporation which does business as EverBank.  EverBank is a financial services company principally located in Jacksonville, Florida.  EverBank was formerly known as EverBank Financial Corporation which, upon information and belief, merged into TIAA, FSB.  Defendant is also a "person" as defined by 47 U.S.C. § 153(39).  Defendant is referred to herein as "EverBank."

3

## FACTUAL ALLEGATIONS

10.     Starting in or around September of 2014 Defendant began placing several telephone calls to Plaintiff's cellular telephone number ending in "3983" assigned to Plaintiff from wireless carrier Sprint.

11.     Plaintiff received calls on several dates, including but not limited to September 18, 24, and 25, 2014.

12.     The telephonic communications were initiated from telephone numbers displayed as 877-436-4381, 800-669-9721 and 904-999-6893.

13.     During some of the calls from Defendant, Plaintiff heard a clicking noise and/or a delay followed by an artificial or prerecorded voice message.

14.     Upon information and belief, Defendant placed these calls using an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), and prohibited by 47 U.S.C. § 227(b)(1)(A).

15.     Defendant's calls were not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A)(i).

16.     Upon information and belief, the ATDS used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17.     Upon information and belief, the ATDS used by Defendant also has the capacity to, and does, dial telephone numbers stored as a list or in a database without human intervention.

18. Defendant's calls were placed to a "telephone number" assigned to a "cellular telephone service" within the meaning of 47 U.S.C. § 227(b)(1). Plaintiff pays for the cellular telephone service to which the calls were placed.

19. Upon information and belief, at least four telephone calls were made to Plaintiff's cell phone for the purpose of debt collection.

20. Defendant did not have prior express consent to place the calls to Plaintiff.

21. The telephonic communications by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1).

22. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected privacy interest, which is specifically addressed and protected by the TCPA.

23. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and distressed that Defendant interrupted Plaintiff with an unwanted call using an ATDS and an artificial or prerecorded voice message.

24. Defendant's calls forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted calls, causing a nuisance and lost time.

25. Defendant did not obtain Plaintiff's cellular telephone number with express consent to call her at that number. Upon information and belief, the number was obtained from a source other than Plaintiff, such as by means of skip-tracing.

26.     Plaintiff is informed and believes and here upon alleges, that the call was made by Defendant and/or Defendant's agent(s), with Defendant's permission, knowledge, control and for Defendant's benefit.

27.     Defendant's aforementioned conduct violated 47 U.S.C. § 227(b)(1)(A)(iii).

## CLASS ACTION ALLEGATIONS

28.     Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated (the "Class" or "Class Members").

29.     Plaintiff seeks to represent the Class consisting of:

All persons within the United States who received any telephone call from Defendant or its agents and/or employees, that was not for emergency purposes, made to said person's cellular telephone through the use of any automatic telephone dialing system and/or with an artificial or prerecorded message within the four years prior to the filing of this Complaint.

30.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class Members number in the several thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

31.     Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class Members via their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class Members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class Members previously paid, and invading the privacy of said Plaintiff and the Class Members. Plaintiff and the Class Members were damaged thereby.

32.     This suit seeks only damages and injunctive relief for recovery of economic injuries on behalf of the Class, and it expressly is not intended to request any recovery for personal injuries and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted by the facts learned from further investigation and discovery.

33.     The joinder of the Class Members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records or Defendant's agents' records.

34.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class Members, including the following:

      a.     Whether, within the four years prior to the filing of this Complaint, Defendant or its agents initiated any telephonic communications to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) using any automatic dialing system to any telephone number assigned to a cellular phone service;

      b.     Whether Defendant can meet its burden of showing Defendant obtained prior express written consent;

      c.     Whether Defendant's conduct was knowing and/or willful;

      d.      Whether Plaintiff and the Class Members were damaged thereby, and the extent of damages for such violation; and

      e.      Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

35.     As a person that received at least one telephonic communication from Defendant's ATDS without Plaintiff's prior express written consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

36.     Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class Member's claims, few, if any, Class Members could afford to seek legal redress for the wrongs complained of herein.

37.     Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the TCPA.

38.     A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and Florida law. The interest of Class Members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these

claims is likely to present significantly fewer difficulties than those presented in many class claims.

39.     Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TCPA**
**47 U.S.C. § 227, *et seq.***

40.     Plaintiff incorporates by reference all paragraphs 1-39 of this Complaint as though fully stated herein.

41.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

42.     As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

43.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA**
**47 U.S.C. § 227, *et seq.***

44.     Plaintiff incorporates by reference paragraphs 1-39 of this Complaint as though fully stated herein.

9

45.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

46.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

47.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff and the Class Members pray for judgment as follows against Defendant as follows:

a.     Certification of the Class as requested herein;

b.     Appointment of the Plaintiff to serve as the Class Representative in this matter;

c.     Appointment Plaintiff's counsel as Class Counsel in this matter;

d.     Attorney's fees;

e.     Costs of litigation; and

f.     Providing such further relief as may be just and proper.

## TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated:  September 21, 2017                    Respectfully submitted,


                                              Sean Estes
                                              Florida Bar No. 0055770
                                              James Hoyer, P.A.
                                              2801 W. Busch Blvd., Suite 200
                                              Tampa, FL 33618
                                              Telephone:    813-375-3700
                                              Facsimile:    813-375-3710
                                              sestes@jameshoyer.com

                                              *Local Trial Counsel*

                                              Earl P. Underwood, Jr.
                                              Alabama Bar No. 6591-E35E
                                              (*pro hac vice* pending)
                                              Ken Reimer
                                              Alabama Bar No. 8172-I66K
                                              (*pro hac vice* pending)
                                              Underwood & Riemer, P.C.
                                              21 South Section Street
                                              Fairhope, Alabama 36532
                                              Telephone:    251-990-5558
                                              Facsimile:    251-990-0626
                                              epunderwood@alalaw.com
                                              kreimer@alalaw.com

                                              Abbas Kazerounian
                                              California Bar No. 249203
                                              (*pro hac vice* pending)
                                              Kazerouni Law Group, APC
                                              245 Fisher Avenue, Suite D1
                                              Costa Mesa, CA 92626
                                              Telephone: (800) 400-6808
                                              Facsimile: (800) 520-5523
                                              ak@kazlg.com

                                              *Attorneys for Plaintiff*